UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BOBBY ROSS,

  Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES LLC,

  Defendant.
_____/

CASE NO.:

**JURY TRIAL DEMANDED**

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BOBBY ROSS (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendant, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. Today in America there are three major consumer reporting agencies: Equifax, Experian and TransUnion.

1

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and TransUnion, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities like Fifth Third, particularly where a consumer makes a dispute about information reported.

4. When a consumer, like Plaintiff, disputes information through the agencies, those disputes are transmitted to the party furnishing the information, here Fifth Third. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, which provides that the district courts shall have original jurisdiction of all civil actions arising under

the Constitution laws, or treats of the United States; and this action involves violations of the FCRA.

7. The Plaintiff is a natural person and resident of Wayne County, within the State of Mississippi. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Equifax is a corporation headquartered in the State of Georgia, located at 1550 Peachtree Street, NW, Atlanta, Georgia 30309.

9. Equifax is a "consumer reporting agency," as defined in 15 USC § 1681(f). is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

10. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

11. The current principal place of business of Defendant is in Atlanta, Georgia; specifically, Fulton County. Accordingly, venue is appropriate with this Court under 28 U.S.C. § 1391(b)(1) as it is the judicial district in which Defendant resides.

## FACTUAL ALLEGATIONS

12. Plaintiff is a natural person who is alleged to owe a debt to Fifth Third.

13. In or about August of 2019, Plaintiff attempted to obtain a vehicle loan for a pickup truck with Legacy Buick. However, Plaintiff was denied due a low credit score based on the Defendant's inaccurate reporting.

14. At that time, Plaintiff reviewed his credit score and found his credit score had decreased significantly.

15. In or about late 2019, Plaintiff called Fifth Third and Equifax disputing the incorrect account on his credit. After numerous conversations with Fifth Third, they stated they would investigate into this matter and get back to him. Plaintiff never received any follow up call or communication from Fifth Third.

16. In or about February of 2020, Plaintiff reviewed copies of his credit report with Equifax which indicated the account with Fifth Third was delinquent and charged off. This account did not belong to Plaintiff.

17. Plaintiff has had one account with Fifth Third in approximately 2011 and the account was paid and closed. The derogatory account being reported to Equifax was not the same account and it showed a charged off amount.

18. Plaintiff reviewed the high balance on the account of $40,889 and quickly realized this account was not his, rather it was likely his brothers, Robert Ross. Plaintiff's brother, Robert, has also tried to assist Plaintiff and called Fifth Third to get it corrected to no avail.

19. In or about April of 2020, Plaintiff submitted a detailed dispute to Equifax in an attempt to have them investigate and resolve the inaccuracies on his credit report.

20. In Plaintiff's dispute to Equifax, not only did he explain the dispute regarding Fifth Third but he also explained that they were reporting two addresses and at least eight hard inquiries that were not Plaintiff's. Notably, most of the inquiries took place on June 18, 2018 when the same erroneous account with Fifth Third was placed on Plaintiff's credit report. This dispute to Equifax was sent through certified mail (no.: 7019 1120 0002 1412 9860) to Equifax on April 7, 2020.

21. Plaintiff's dispute also contained Plaintiff's Social Security number, Mississippi Driver's License number, phone number, address, and date of birth within the body of the dispute letter.

22. Equifax failed to respond to Plaintiff's dispute letter, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation about his detailed dispute letter.

23. At this point, Plaintiff began feeling very helpless, but attempted again to correct this error on his credit report. Plaintiff sent a second dispute letter to Equifax in or about August of 2020.

24. In Plaintiff's second dispute to Equifax, not only did he explain the dispute regarding Fifth Third but he also explained that they were reporting two addresses and at least eight hard inquiries that were not Plaintiffs. Notably, most of the inquiries took place on June 18, 2018 when the same erroneous account with Fifth Third was placed on Plaintiff's credit report. This dispute was sent through certified mail (no.: 7003 3110 0000 9996 8475) to Equifax on August 3, 2020.

25. Plaintiff's dispute clearly contained Plaintiff's Social Security number, Mississippi Driver's License number, phone number, address, and date of birth within the body of the dispute letter. Plaintiff explained that his brother, Robert Ross purchased the vehicle and had the loan with Fifth Third Bank, not him (Bobby Ross). More importantly, the application for the Fifth Third bank loan had not just his brother's name but also his brother's date of birth (January 1966). Plaintiff's dispute included his driver's license with his date of birth (November 1963).

26. On or about August 17, 2020, Equifax finally responded to Plaintiff's dispute (confirmation number 0223062967). Equifax corrected Plaintiff's employer and removed some of the inquiries but left two hard inquiries that were not Plaintiff's. Further, Equifax verified the erroneous account with Fifth Third as belonging to Plaintiff. Equifax was given sufficient information to know the

account did not belonged to Plaintiff but failed to conduct an independent investigation.

27. To date Equifax has failed to report the proper information on Plaintiff's credit report despite having been given ample notice of their error. The inaccurate account reflects an amount past due for $14,209 and as being charged off for an auto loan Plaintiff never applied for.

28. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Stress associated with denials;

    ii. Delay in applying for personal loans for appliances and auto loans due to fear of further denials from Plaintiff's lowered credit score;

    iii. Monies lost by attempting to fix his credit;

    iv. Loss of time attempting to cure the error;

    v. Mental anguish, stress, aggravation, and other related impairments to the enjoyment of life.

29. All conditions precedent to the filing of this action have occurred.

## CAUSES OF ACTION

### COUNT I
### (Violation of 15 U.S.C. § 1681e(b) –
### As to Defendant, Equifax Information Services LLC)

30. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-nine (29) above as if fully set out herein.

31. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff. Plaintiff's name is Bobby Ross, his brother's name is Robert Ross, but Equifax fails to maintain policies to ensure that individuals with similar names are not mixed together.

32. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by stress associated with credit denials and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit reduction.

33. Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Equifax was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

34. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EQUIFAX INFORMATION SERVICES LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

### COUNT II
### (Violation of 15 U.S.C. § 1681i – As to Defendant, Equifax Information Services LLC)

35. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-nine (29) above as if fully set out herein.

36. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.

37. Equifax's conduct, action, and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Equifax was negligent, Plaintiff is entitled to recover under 15 USC § 1681o. Equifax took no independent action to investigate the dispute.

38. Equifax chose to ignore this information and simply parroted the information provided by Fifth Third. The signatures in the documents, the names,

39. Equifax failed to respond to Plaintiff's dispute letter, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation about his detailed dispute letter.

40. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]**

**WHEREFORE** the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; for his attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

Respectfully submitted,

***/s/ Octavio "Tav" Gomez***
Octavio "Tav" Gomez, Esquire
Georgia Bar No.: 617963
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4797
Primary Email: TGomez@ForThePeople.com
Secondary Email: LDobbins@ForThePeople.com
*Attorney for Plaintiff*